Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III[1]

| | | |
|---|---|---|
| SAYDIYANIL SANTIAGO JIMÉNEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE SEGURIDAD PÚBLICA (NEGOCIADO DE LA POLICÍA DE PUERTO RICO)<br><br>Recurrida | TA2025RA00004 | Revisión Administrativa procedente de la Comisión Apelativa del Negociado de Servicio Público<br><br>Caso Núm.: 2018-01-0441<br><br>Sobre: Retención |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de agosto de 2025.

Comparece la señora Saydiyanil Santiago Jiménez (señora Santiago Jiménez o recurrente) vía revisión judicial y solicita que revoquemos la *Resolución* de la Comisión Apelativa del Servicio Público, emitida el 19 de mayo de 2025. En dicho dictamen, se mantuvo la cesantía de la recurrente. Por los fundamentos expresados, confirmamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de una cesantía de puesto en el Negociado de la Policía de Puerto Rico (Policía o recurrido). Según el expediente, el 23 de marzo de 2010, un médico de la División Médica de la Policía emitió un Certificado Médico y recomendó que la señora Santiago Jiménez continuara con un descanso de su trabajo y la refirió

---

[1] Mediante la Orden Administrativa DJ-2024-062C emitida el 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

al Sistema de Retiro de empleados del Gobierno de Puerto Rico. No obstante, el 23 de marzo de 2010, la Policía emitió la *Orientación de Incapacidad No Ocupacional* e informaron que no se podía honrar el referido del Certificado Médico por la recurrente no cumplir con los requisitos del Artículo 2-108 de la Ley Núm. 447 de 15 de mayo de 1951 (3 LPRA sec. 770).

Luego de la Corporación del Fondo del Seguro del Estado (CFSE) determinar que sus médicos diagnosticaron a la recurrente con taquicardia sinusal recurrente y trastorno persistente del ritmo cardiaco, el 2 de diciembre de 2010, dos (2) médicos de la Oficina de Servicios Médicos de la Policía comunicaron que reiteraban el referido del 23 de marzo de 2010. Asimismo, la señora Santiago Jiménez admite en su recurso que un médico cardiólogo externo la diagnosticó con, entre otros, enfermedad vascular periférica. Por dicho diagnóstico, el médico externo consignó que la recurrente debía evitar ejercer trabajos que involucraran esfuerzo físico.

Por todo lo anterior, el 4 de noviembre de 2016, el Superintendente de la Policía comunicó a la señora Santiago Jiménez la intención de cesantearla por razón de que su condición médica la incapacita para desempeñar los deberes de su cargo, al amparo de la Ley Núm. 53-1996 (25 LPRA ant. sec. 3101 *et seq.*), la Sección 6.6(9)(b) de la Ley Núm. 184-2004 (3 LPRA ant. sec. 1462e), y el Artículo 14 del Reglamento de Personal de la Policía de Puerto Rico, Reglamento Núm. 4216 de 11 de mayo de 1990. Luego de la recurrente solicitar una vista administrativa y de celebrarse esta ante la Oficina de Asuntos Legales de la Policía, el 26 de junio de 2017, el Oficial Examinador sostuvo la cesantía.

Por todo lo anterior, el 18 de enero de 2018, la señora Santiago Jiménez apeló ante la Comisión Apelativa del Servicio Público, a lo cual la Policía de Puerto Rico respondió oportunamente. El 26 de diciembre de 2024, la Comisionada Asociada y Oficial Examinadora determinó que la recurrente presenta la condición médica que los reglamentos internos consideran como descalificantes para ejercer el puesto de agente de la Policía. Ergo, la Comisión Apelativa del Servicio Público resolvió sin lugar la solicitud de apelación de la señora Santiago Jiménez.

Insatisfecha, la recurrente recurre ante este Tribunal y alega que la Comisión Apelativa del Servicio Público erró al (1) emitir determinaciones y conclusiones de hechos que no están acorde con la totalidad de la prueba, además de darle un valor pericial a la alegada condición médica incapacitante solo con la evidencia documental de un recurrido que no es perito; y (2) declarar sin lugar la apelación administrativa. La parte recurrida no presentó alegato en oposición aun cuando se le dio la oportunidad.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2

de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Ahora bien, los procedimientos y decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978 (2009). Asimismo, las decisiones cuasi adjudicativas de las agencias deben expresar claramente sus determinaciones de hecho y las razones para sus decisiones, cual incluye los hechos básicos de los cuales se derivan aquellos. *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR*, 144 DPR 425 (1997).

Por otro lado, la Sec. 4.6 del Reglamento Procesal, Reglamento Núm. 7313 de 7 de marzo de 2007 explica que en caso de destitución, cesantías, suspensión de empleo y sueldo, la parte apelada tendrá el peso de la prueba durante la audiencia pública. Además, la Sección 14.6 del Reglamento de Personal de la Policía de Puerto Rico, Reglamento Núm. 4216 de 11 de mayo de 1990 dispone que podrá decretarse

cesantías cuando se determine que un empleado está física y/o mentalmente incapacitado para desempeñar los deberes de su puesto. Más aun, si el empleado deniega someterse a un examen médico, esto podrá servir de base a una presunción de incapacidad, además de (1) baja notable en la productividad; (2) ausentismo marcado por razón de enfermedad; o (3) patrones irracionales en la conducta. Íd.

A la luz de lo anterior, el Reglamento Núm. 4216 dispone de varias condiciones médicas que descalificarán a una persona para un ingreso, una retención o un ascenso en la Policía, encontrándose entre ellos la anormalidad del sistema vascular periférico, tales como arteriosclerosis obliterans y tromboflebitis, entre otros. Íd., págs. 62 y 66. Asimismo, el médico de la Policía tendrá la discreción para evaluar y aceptar cualquier condición que la propia Sección 12.10(b) del Reglamento Núm. 4216 llama "incapacitante". Íd., pág. 73.

En el presente caso, no advertimos que la Comisión Apelativa del Servicio Público haya errado al mantener la cesantía de la recurrente. Del expediente se desprende que, no solamente varios médicos le diagnosticaron con condiciones cardiacas, sino también—y más importante para nuestra determinación—que un médico cardiólogo externo la diagnosticó con enfermedad vascular periférica, según la propia admisión de la recurrente, la cual resulta ser una de las condiciones descalificantes que dispone el Reglamento Núm. 4216. Dicha condición descalificante es considerada por el referido reglamento como igualmente incapacitante para ejercer en la Policía. Por tanto, y al reconocer que la introducción de peritos por la Policía durante el procedimiento administrativo no cambiaría la propia admisión de la señora Santiago Jiménez de su condición médica,

concluimos que la condición descalificante de una anormalidad en el sistema vascular periférico resulta en la incapacidad de la recurrente ejercer como agente del Negociado de la Policía de Puerto Rico.

Por los fundamentos expuestos, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones